No. 4204

Second Circuit

PRICE v. BRENNER ET AL.

(November 18, 1931. Opinion and Decree.)
(December 9, 1931. Rehearing Refused.)

R. G. Pleasant and Nash Johnson, of Shreveport, attorneys for plaintiff, appellee.

Cook & Cook, of Shreveport, attorneys for defendants, appellants.

DREW, J. Plaintiff sued on an appeal bond to recover 10 per cent attorney's fees under authority of Act No. 225 of 1918. She alleged: That in suit No. 48,815 on the docket of the First judicial district court for Caddo parish, La., she obtained judgment against the defendant Mrs. Bertha B. Florsheim, for $4,000, with legal interest from judicial demand and for costs. From this judgment Mrs. Florsheim appealed suspensively and devolutively and executed an appeal bond with Charles M. Brenner as surety thereon. That the judgment was affirmed by this court and became final and executory on April 10, 1930. That no part of said judgment has been paid, and that during the month of May, 1930, plaintiff gave written notice to both Mrs. Florsheim and Mr. Brenner, in accordance with Act No. 225 of 1918, that, unless the amount of the

judgment was paid within thirty days, suit would be filed in which plaintiff would demand 10 per cent attorney's fees. That, upon receiving no reply from either and no part of the judgment having been paid, plaintiff took a rule against the surety, Mr. Brenner, and obtained judgment for the full amount of the judgment rendered against his principal. That said judgment on rule reserved to plaintiff the right to sue for 10. per cent attorney's fees. Availing herself of the provisions of Act No. 225 of 1918, that she is entitled to 10 per cent attorney's fees on the amount of the judgment rendered against the principal debtor. That she has made amicable demand in writing upon both defendants herein, and that more than thirty days had elapsed from the date said notice was received by defendants. She alleged that she had fully complied with Act No. 225 of 1918, and prayed for service on both defendants and for judgment against both in the sum of 10 per cent of the amount of judgment, principal, and interest and costs in case No. 48,815 on the docket of the First judicial district court for Caddo parish, La.

Defendants filed an exception of no cause of action, which was sustained as to Mrs. Florsheim and overruled as to the surety, Brenner. Defendant Brenner then answered admitting the allegations as to the original judgment, that it had not been paid, that notice was served as alleged, but denying that it was in accordance with Act No. 225 of 1918. He admitted that judgment on rule was taken against him; in fact, the answer is merely a renewal of the exception of no cause of action, that is, that the plaintiff did not bring herself within the provisions of Act No. 225 of 1918, and that said act did not apply to her case.

On these issues the case was tried, resulting in judgment against the defendant Brenner as prayed for, and from said judgment he has appealed. No appeal was taken by plaintiff as to the principal, Mrs. Florsheim, and she is not before this court. The question before the court is the interpretation of Act No. 225 of 1918, which act, in so far as it applies to sureties on appeal bonds, appears never to have been interpreted by the courts of this state. The act reads as follows:

"Be it enacted by the General Assembly of the State of Louisiana, That it shall be the duty of every surety on a bond, whether given in a judicial proceeding, building contract or otherwise, to promptly pay its obligation under the bond when it arises to any person, firm or corporation having a claim, demand or right of action on the bond where the principal fails to pay as per the terms of his contract and in the event that the surety should fail to pay his or its obligation as aforesaid, and it should become necessary for such person, firm or corporation to file suit against the principal and surety, for the recovery of the amount due and owing, the said person, firm or corporation so filing suit who, has employed an attorney, shall be entitled to recover, and the court shall award, ten per cent attorneys fees on the amount recovered, provided that the said ten per cent attorneys fees shall only be recoverable where the full amount claimed by the suitor is recovered, and that the said suit may only be filed, where attorneys fees are sought to be recovered, after amicable demand for payment has been made in writing on the principal and surety, and thirty days shall elapse from the receipt of said notice by the principal and surety from the claimant without payment being made."

Recovery under the act is conditioned upon it becoming necessary for the claimant "to file suit against the principal and surety, for the recovery of the amount due and owing" the said claimant filing the suit. The statute is a penal one and must

be construed strictly. The act does not say "principal and surety, or either," but conditions the right to recover thereunder upon it becoming necessary to sue both the principal and surety. If it was the intention of the Legislature to include sureties on appeal bonds, which might be presumed from the wording at the beginning of the act, "that it shall be the duty of every surety on a bond, whether given in a judicial proceeding, building contract or otherwise, * * *" it has by the very wording of the act conditioning the right to recover upon the necessity of suit being filed against both "principal and surety" eliminated from the act the right to recover against the surety on an appeal bond.

We can think of no case where it would become necessary for a plaintiff, who had secured a final judgment against the defendant, to again sue the defendant for the judgment that was at the time final in his favor against the defendant, the principal on the bond. The only action necessary in such a case is to have a fieri facias issue, and, if same is returned unsatisfied, the right of the judgment creditor against the surety on the appeal bond is fixed by the Code of Practice (articles 596, 755). There is no allegation that a fieri facias was ever issued in this case, and it was unnecessary for the judgment creditor (the claimant) to sue both the judgment debtor (the principal) and the surety on the bond. Under a strict interpretation of Act No. 225 of 1918, which is required of all acts of a penal nature, the exception of no cause of action should have been sustained.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and the demands of plaintiff be rejected, with costs.